1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PHYLLIS Z. HELMS,                          No.  2:15-cv-0786 MCE DAD PS

12                 Plaintiff,

13         v.                                   FINDINGS AND RECOMMENDATIONS

14   CITY OF SACRAMENTO,

15                 Defendant.

16

17         Plaintiff Phyllis Helms is proceeding in this action pro se.  This matter was referred to the

18   undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has

19   requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff's answers to

20   her in forma pauperis application, however, are unresponsive.  For example, when asked on the

21   application to state her gross pay or wages, plaintiff wrote merely "sole heiress the house of

22   Windsor."  (Dkt. No. 2.)

23         Moreover, "'[a] district court may deny leave to proceed in forma pauperis at the outset if

24   it appears from the face of the proposed complaint that the action is frivolous or without merit.'"

25   Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank

26   & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See also Smart v. Heinze, 347 F.2d 114, 116 (9th

27   Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in

28   forma pauperis to determine whether the proposed proceeding has merit and if it appears that the

                                              1

1  proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in

2  forma pauperis.").

3      The court must dismiss an in forma pauperis case at any time if the allegation of poverty is

4  found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a

5  claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See

6  28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or

7  in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221,

8  1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous

9  where it is based on an indisputably meritless legal theory or where the factual contentions are

10  clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

11      To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

12  state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

13  570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

14  true the material allegations in the complaint and construes the allegations in the light most

15  favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

16  Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

17  (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

18  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

19  conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

20  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

21      The minimum requirements for a civil complaint in federal court are as follows:

22      A pleading which sets forth a claim for relief . . . shall contain (1) a
        short and plain statement of the grounds upon which the court's
23      jurisdiction depends . . . , (2) a short and plain statement of the
        claim showing that the pleader is entitled to relief, and (3) a demand
24      for judgment for the relief the pleader seeks.

25  FED. R. CIV. P. 8(a).

26      Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

27  complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

28  state the elements of each claim plainly and succinctly.  FED. R. CIV. P. 8(a)(2); Jones v.

2

1   Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

2   and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

3   does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

4   enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,

5   557.  A plaintiff must allege with at least some degree of particularity overt acts which the

6   defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

7          Moreover, jurisdiction is a threshold inquiry that must precede the adjudication of any

8   case before the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of

9   Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited

10  jurisdiction and may adjudicate only those cases authorized by federal law.  Kokkonen v.

11  Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37

12  (1992).  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears

13  affirmatively from the record.'"  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting

14  Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

15         Lack of subject matter jurisdiction may be raised by the court at any time during the

16  proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir.

17  1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it] has

18  subject-matter jurisdiction."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is the

19  obligation of the district court "to be alert to jurisdictional requirements."  Grupo Dataflux v.

20  Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court

21  cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.

22         The burden of establishing jurisdiction rests upon plaintiff as the party asserting

23  jurisdiction.  Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974)

24  (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,

25  implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy

26  within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946)

27  (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly

28  insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of

3

jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process.").

Here, plaintiff's complaint fails to contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of a claim showing that she is entitled to relief or a demand for judgment for the relief she seeks.  Rather, plaintiff's complaint alleges that she is "the biological granddaughter of Queen Elizabeth II of Great Britain," that she has "more children than any other mother in the world," and that she was "given the divine revelation of the very first car that transforms into a second vehicle off of another vehicle and . . . of the very first car that transforms into a car that has wings, meaning the cars in the future will fly."  (Compl. (Dkt. No. 1) at 1-3.)  Plaintiff's complaint does not, however, state a cause of action nor does it contain a claim for relief.

For the reasons set forth above, plaintiff's complaint should therefore be dismissed.

LEAVE TO AMEND

The undersigned has carefully considered whether plaintiff may amend her pleading to state a meritorious claim over which the court would have subject matter jurisdiction.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).  In light of the deficiencies noted above, and the nature of plaintiff's allegations, the undersigned finds that it would be futile to grant plaintiff leave to amend in this case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's April 10, 2015 application to proceed in forma pauperis (Dkt. No. 2) be denied;

2.  Plaintiff's April 10, 2015 complaint (Dkt. No. 1) be dismissed without leave to amend; and

4

1       3.  This action be dismissed.

2           These findings and recommendations will be submitted to the United States District Judge

3   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)

4   days after being served with these findings and recommendations, plaintiff may file written

5   objections with the court.  A document containing objections should be titled "Objections to

6   Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

7   objections within the specified time may, under certain circumstances, waive the right to appeal

8   the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9   Dated:  July 20, 2015

10

11  _____

12  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

13  DAD:6
    Ddad1\orders.pro se\helms0786.ifp.den.f&rs.docx
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28